IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


DELARICK HUNTER,

                        Plaintiff,

              v.                                    CASE NO. 08-3075-SAC

STATE OF KANSAS, et al.,

                        Defendants.


MEMORANDUM AND ORDER

     Before the court is a civil complaint filed under 42 U.S.C. §
1983 by a prisoner incarcerated in a Kansas correctional facility.
Also before the court is plaintiff's motion for leave to proceed in
forma pauperis under 28 U.S.C. § 1915.

     *Motion for Leave to Proceed In Forma Pauperis*

     Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the full
$350.00 filing fee in this civil action.   If granted leave to
proceed in forma pauperis, plaintiff is entitled to pay this filing
fee over time, as provided by payment of an initial partial filing
fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by
the periodic payments from plaintiff's inmate trust fund account as
detailed in 28 U.S.C. § 1915(b)(2).   Because any funds advanced to
the court by plaintiff or on his behalf must first be applied to
plaintiff's outstanding fee obligations,[1] the court grants plaintiff

---

     [1]*See* Hunter v. Young, Case No. 05-3074-MLB ($150.00 district
court filing fee) *and* ($455.00 appellate filing fee in Appeal No.
06-3371); Hunter v. Autry, Case No. 07-3203-SAC ($350.00 district
court filing fee).

leave to proceed in forma pauperis in the instant matter without payment of an initial partial filing fee. Once these prior fee obligations have been satisfied, however, payment of the full district court filing fee in this matter is to proceed under 28 U.S.C. § 1915(b)(2).

*Screening of the Complaint*

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

In this action, plaintiff alleges defendants are violating his rights under the Fifth and Fourteenth Amendments by denying him his right to direct appellate review of his criminal conviction in Wyandotte County District Court Case No. 04-CR-795, and points to the notice of appeal filed in that case in May 2005 which has not yet been docketed in the state appellate courts.[2] Plaintiff seeks declaratory judgment, injunctive relief, and damages from the State of Kansas, the Kansas Board of Indigent Defense Services (BIDS), and Wyandotte District Court Judge Dexter Burdette. Plaintiff later amended his complaint[3] to name the current Attorney General for the State of Kansas (Stephen N. Six), BIDS Director Patricia A. Scalia,

---

[2]Plaintiff has a due process right to effective appellate counsel in his direct appeal. *See* Evitts v. Lucey, 469 U.S. 387 (1985).

[3]Plaintiff's motion to amend the complaint (Doc. 3) is granted. Under Rule 15(a) of the Federal Rules of Civil Procedure, plaintiff may amend his complaint "once as a matter of course" prior to defendants filing their response to the complaint.

Daniel Cahill as plaintiff's appointed appellate attorney in the Wyandotte criminal action, and Wyandotte District Court Clerk Kathleen Collins as additional defendants.  The declaratory relief sought is a declaration of the state court rules and regulations applicable to plaintiff's appeal in Wyandotte County Case 04-CR-795. The injunctive relief sought is to require all defendants to comply with those applicable rules and regulations.

A complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction.  *See* Haines v. Kerner, 404 U.S. 519, 520 (1972); Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988).  However, even under this standard, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Having reviewed plaintiff's allegations, the court finds the complaint is subject to being dismissed for the following reasons.

CLAIMS AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITY

The Eleventh Amendment clearly bars plaintiff's suit against the State of Kansas, BIDS, and all state defendants acting in their official capacity.  *See* Kentucky v. Graham, 473 U.S. 159, 169 (1985)(Eleventh Amendment immunity protects state officials sued for damages in their official capacity).  *See also* Will v. Michigan Dept. of State Police, 491 U.S. 58, 64 (1989)("neither a State nor its officials acting in their official capacities are 'persons' under 42 U.S.C. 1983").  Accordingly, plaintiff's claims for damages from the State of Kansas and from governmental officials in their official capacity are subject to being summarily dismissed.

Although the Supreme Court has carved out an exception to state sovereign immunity for suits seeking prospective injunctive relief from state officials, Ex Parte Young, 209 U.S. 123, 159-60 (1908), the Supreme Court in Younger v. Harris, 401 U.S. 37 (1971), narrowly proscribed federal injunctions and declaratory relief that interfere with ongoing state criminal proceedings.

Whether plaintiff's criminal action in Wyandotte Case 04-CR-795 qualifies as "ongoing" may be open to question, but that appears to be a viable characterization under the circumstances. In plaintiff's companion application for a writ of habeas corpus under 28 U.S.C. § 2254,[4] for instance, the court granted respondents' motion to dismiss the application without prejudice because plaintiff had not demonstrated the delay in docketing his direct appeal excused his non-exhaustion of state court remedies. Additionally, if the state appellate courts were to grant plaintiff leave to docket his direct appeal out of time as suggested by respondents in that companion habeas action, then the direct appeal would be considered pending throughout. See e.g., Orange v. Calbone, 318 F.3d 1167 (10th Cir. 2003)(in a direct appeal, an out of time appeal is considered part of the "direct review" under 28 U.S.C. § 2244(d)(1)(A) for determining when the state court judgment is final).

It is improper for a federal court to interfere with ongoing state criminal proceedings absent irreparable injury that is both great and immediate. Younger, 401 U.S. at 46. The "fundamental

---

[4]See Hunter v. McKune, Case No. 07-3142-SAC.

policy against federal interference with state criminal prosecutions" mandates that federal adjudication of plaintiff's claims be postponed until such time as the exercise of federal jurisdiction will not seriously disrupt ongoing state judicial proceedings. Id. *See e.g.*, <u>Weitzel v. Division of Occupational and Professional Licensing of the Department of Commerce of the State of Utah</u>, 240 F.3d 871, 876 (10th Cir. 2001)("<u>Younger</u> doctrine is particularly applicable ... where the pending state proceeding may rectify any constitutional violations")(*citation omitted*)).

In the present case, the declaratory and injunctive relief being sought would require federal intervention in plaintiff's state criminal case to decide and enforce state appellate court rules applicable to the notice of appeal plaintiff filed in the state district court in 2005.  Even if a viable federal claim could be established on plaintiff's allegations, the determination and enforcement of state law regarding plaintiff's appeal is a matter for the state courts to first decide, and plaintiff has an available state court forum for doing so.  The court thus finds abstention is appropriate under the circumstances,[5] and finds plaintiff's claims for declaratory and injunctive relief are subject to being dismissed without prejudice.

CLAIMS AGAINST DEFENDANTS IN THEIR PERSONAL CAPACITY

---

[5]The court further finds plaintiff's conclusory allegations of bad faith and extraordinary circumstances involving irreparable injury are insufficient to warrant an exception to application of the <u>Younger</u> abstention doctrine in this case.  *See* <u>Younger</u>, 401 U.S. at 46-55(recognizing exceptions to abstention, and that "the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable."').

To the extent plaintiff seeks damages from defendants in their personal or individual capacity, Younger does not apply because plaintiff's ongoing criminal case does not afford an opportunity for such relief, and plaintiff identifies no prior or pending state court action on the same allegations. Nonetheless, the court finds these claims are subject to being summarily dismissed as well.

Judge Burdette is protected by absolute immunity in civil rights actions from liability based on his judicial actions. Stump v. Sparkman, 435 U.S. 349, 362-64 (1978); Hunt v. Bennett, 17 F.3d 1263, 1266 (10th Cir.), *cert. denied*, 513 U.S. 832 (1994). This broad judicial immunity extends to judicial acts done in error, maliciously, or in excess of authority. Stump, 435 U.S. at 356. On the face of plaintiff's allegations, the court finds plaintiff's claim for damages from this defendant is subject to being dismissed because this defendant has immunity from such relief.

The court further finds plaintiff's claims for damages against the remaining individual defendants are subject to being summarily dismissed because plaintiff's allegations state no claim against any defendant upon which relief can be granted under 42 U.S.C. § 1983.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed *by a person acting under color of state law*." West v. Atkins, 487 U.S. 42, 48 (1988)(*emphasis added*). Accordingly, plaintiff's claims against Daniel Cahill are subject to being summarily dismissed because it is well recognized that court appointed attorneys serve the interest of their client and do not

6

act "under color of state law" within the meaning of § 1983. *See* Polk County v. Dodson, 454 U.S. 312, 325 (1981)("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); Barnard v. Young, 720 F.2d 1188, 1189 (10th Cir. 1983)(attorneys engaged in the private practice of law are not acting under color of state law).

Although public defenders may be liable under § 1983 if a conspiratorial action with state officials is proven, Tower v. Glover, 467 U.S. 914 (1984), plaintiff's bare and conclusory allegation of a conspiracy between his appointed appellate attorney and all other defendants in this case is insufficient to establish that plaintiff's appellate attorney acted under color of state law. Adickes v. Kress & Co., 398 U.S. 144, 152 (1970); Crabtree v. Muchmore, 904 F.2d 1475, 1480-81 (10th Cir. 1990).

To the extent plaintiff seeks damages from Attorney General Six, BIDS Direct Scalia, and Wyandotte District Court Clerk Collins, his claims are subject to being dismissed as insubstantial and frivolous because plaintiff identifies no misconduct by any of these defendants in the alleged deprivation of his constitutional rights.[6]

Plaintiff is advised that "[i]ndividual liability under 42

---

[6]Plaintiff alleges only that Collins, as Clerk of the Wyandotte County District Court, is responsible for all cases in that court being handled according to local and state court rules, and that she failed to communicate with court officials and appointed counsel to ensure that plaintiff was afforded his constitutional rights in his direct appeal. No specific action or inaction by this defendant is specified, and plaintiff's bare claim of being deprived particular attention or assistance from court staff would clearly have to overcome the fact that plaintiff proceeded with appointed trial and appellate counsel in his Wyandotte criminal proceeding.

U.S.C. § 1983 must be based on personal involvement in the alleged constitutional violation," <u>Foote v. Spiegel</u>, 118 F.3d 1416, 1423 (10th Cir. 1997), making personal participation an essential allegation any claim for relief under 42 U.S.C. § 1983, <u>Mitchell v. Maynard</u>, 80 F.3d 1433, 1441 (10th Cir. 1996).  Nor may plaintiff rely on the doctrine of respondeat superior to hold a defendant liable by virtue of the defendant's supervisory position.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  *See* <u>Kite v. Kelley</u>, 546 F.2d 334, 337 (10th Cir. 1976)(before a superior may be held liable for the acts of an inferior, superior must have participated or acquiesced in the constitutional deprivation).

Plaintiff is further advised that to the extent his allegations of ineffective assistance of appellate counsel implicate the validity of plaintiff's conviction in Wyandotte Case 04-CR-795, any claim for damages would be subject to being summarily dismissed without prejudice absent a showing the conviction had been set aside or otherwise invalidated.  *See* <u>Heck v. Humphrey</u>, 512 U.S. 477 486-87 (1994)("to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction" has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus).  A claim for damages arising from a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  *See* <u>id</u>.

*Supplemental Jurisdiction*

Because no viable federal claim appears to be presented under 42 U.S.C. § 1983, the court denies plaintiff request to invoke this court's supplemental jurisdiction over any claims arising under state law. *See* 28 U.S.C. § 1367(c)(3) (stating a district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction").

*Notice and Show Cause Order to Plaintiff*

For the reasons stated herein, the court directs plaintiff to show cause why plaintiff's claims for declaratory and injunctive relief in the amended complaint should not be dismissed without prejudice pursuant to the <u>Younger</u> abstention doctrine, and why plaintiff's claims for damages should not be summarily dismissed frivolous, as stating no claim for relief, and as seeking monetary relief from persons immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines ...the action is frivolous or malicious, ..fails to state a claim on which relief may be granted, or...seeks monetary relief against a defendant who is immune from such relief."). The failure to file a timely response may result in the amended complaint being dismissed for the reasons stated herein, and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, with payment of the full $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff's motion to add additional defendants (Doc. 3) is granted.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the amended complaint should not be dismissed for the reasons stated by the court.

Copies of this order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 10th day of June 2008 at Topeka, Kansas.


  s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge